**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10321 |
| Plaintiff - Appellee, | D.C. No. 3:94-cr-00044-ECR |
| v. | |
| ROBERT EARL JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Submitted September 13, 2010[**]

Before:   SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Robert Earl Jackson appeals from the district court's order denying his

18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Jackson contends that the district court erred by failing to reduce his

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence pursuant to Amendment 706 to the United States Sentencing Guidelines, which lowered the sentencing range for offenses involving crack cocaine. However, Amendment 706 did not lower the base offense level for crack offenses that equal or exceed 4.5 kilograms.[1] *See* U.S.S.G. § 2D1.1(c)(1) (2008). Thus, Jackson's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by Section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009). Jackson's argument that *Leniear* is distinguishable because it involved the "grouping" provision of the Guidelines is without merit. *See id.*

Jackson's argument that application of *Leniear* improperly delegates authority from Congress to the Sentencing Commission to define the subject-matter jurisdiction of the federal courts is also without merit. *See* 18 U.S.C. § 3582(c)(2) (conferring jurisdiction upon the district court to modify a term of imprisonment for a defendant whose sentence was based on a range that has subsequently been lowered by the Sentencing Commission); *see also Dillon v. United States*, 130 S. Ct. 2692 (2010).

Jackson's request for a stay is denied.

**AFFIRMED.**

---

[1]Jackson was responsible for approximately 14 kilograms of crack cocaine.