**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GONZALO GOMEZ-MORALES,

Defendant - Appellant.

No. 10-10249

D.C. No. 2:91-cr-00139-EHC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Gonzalo Gomez-Morales appeals pro se from the district court's order

denying his 18 U.S.C. § 3582(c)(2) motion for modification of sentence. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gomez contends that Amendment 591 to the United States Sentencing

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guidelines, clarifying the application of U.S.S.G. § 2D1.2, authorizes the district court to resentence him. The record reflects that Gomez's base offense level was calculated under § 2D1.1(c)(1), rather than § 2D1.2; therefore Amendment 591 does not apply to him. Accordingly, Gomez cannot demonstrate that his sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by § 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

Gomez also contends that he is entitled to relief under Amendment 591 because the drug quantity used to calculate his base offense level was determined by the sentencing court, rather than a jury. This argument is foreclosed. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010) (proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt).

**AFFIRMED.**