**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30389 |
| Plaintiff - Appellee, | DC No. CR 97-0105 JWS |
| v. | |
| DAVID SOMPETT POWERS, AKA Joker, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted January 11, 2010
Seattle, Washington
Submission Vacated October 1, 2010
Resubmitted August 8, 2011

Before:    KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

Defendant David Sompett Powers appeals the denial of his motion to reduce

his sentence pursuant to 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291, and we reverse and remand.[1]

In October 1997, Powers was indicted in a First Superseding Indictment for one count of conspiracy, in violation of 21 U.S.C. § 846; fourteen counts of distributing, or possessing with intent to distribute, cocaine powder and cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1); two counts of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of stolen firearms, in violation of 18 U.S.C. § 922(j). Pursuant to a Federal Rule of Criminal Procedure 11(e)(1)(C)[2] agreement, Powers agreed to plead guilty to a single count of intent to distribute a Schedule II controlled substance in exchange for the government's dismissal of the remaining counts. The district court accepted the agreement and imposed the stipulated sentence of 210 months.

Effective November 1, 2007, the Sentencing Commission amended the

---

[1] In light of our holding in *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), that a plea agreement's waiver of the right "to appeal the sentence . . . imposed" does not encompass the right to appeal the district court's conclusion that it lacked jurisdiction to modify the sentence pursuant to § 3582(c)(2)), the government has abandoned its argument that the appeal waiver in Powers' plea agreement bars this appeal.

[2] Rule 11(e)(1)(C) has since been recodified as Rule 11(c)(1)(C). The only changes are stylistic. *See In re Morgan*, 506 F.3d 705, 709 n.1 (9th Cir. 2007).

sentencing guideline affecting crack cocaine convictions, reducing by two levels the applicable base offense levels assigned to various quantities of crack cocaine. *See* U.S. Sentencing Guidelines Manual ("USSG") Supp. App. C, Amend. 706 (effective Nov. 1, 2007) (modifying USSG § 2D1.1); *see also Leniear*, 574 F.3d at 672-73. In 2008, the Commission made the amendment retroactive. *See* USSG Supp. App. C, Amend. 713 (effective Mar. 3, 2008); *see also Dillon v. United States*, 130 S.Ct. 2683, 2688 (2010).

Powers moved the court to reduce his sentence pursuant to § 3582(c)(2), which gives the district court the authority to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* The district court denied the motion, concluding that it did not have the authority to modify a sentence imposed pursuant to a Rule 11(e)(1)(C) agreement.

In *Freeman v. United States*, 131 S.Ct. 2685 (2011), the Court recently decided that some sentences imposed pursuant to a Rule 11(e)(1)(C) agreement qualify as "based on" the sentencing guidelines for the purposes of a § 3582(c)(2) modification. Pursuant to *Freeman*, the government has confessed error and moved to remand this case "so that the district court can consider [Powers'] motion

for reduction of sentence pursuant to 18 U.S.C. § 3582(c)." We agree with the government's concession that Powers' plea agreement "meets Justice Sotomayor's description [in her concurring opinion] of 'C' agreements that nevertheless can be considered to be based upon a sentencing range . . . ."

Accordingly, the district court's order denying Powers' motion to reduce his sentence is reversed and the case is remanded for further proceedings consistent with *Freeman*.

**REVERSED and REMANDED.**