FILED



APR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30114 |
| Plaintiff - Appellee, | D.C. No. 1:98-cr-00084-EJL |
| v. | |
| FERNANDO QUEZADA-DAZA, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30115 |
| Plaintiff - Appellee, | D.C. No. 1:98-cr-00084-EJL |
| v. | |
| JESUS QUEZADA-DAZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 7, 2014[]

Before:       TASHIMA, GRABER, and IKUTA, Circuit Judges.

In these companion appeals, Fernando Quezada-Daza ("Fernando") and Jesus Quezada-Daza ("Jesus") appeal pro se from the district court's orders denying their motions for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants contend that they are entitled to a sentence reduction under Amendment 591 to the United States Sentencing Guidelines.  We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2).  *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).  Amendment 591 did not alter the Guidelines section applicable to appellants' offense of conviction or the calculation of their Guidelines range under U.S.S.G. § 2D1.1.  *See* U.S.S.G. app. C, amend. 591 (Supp. 2003); *see also United States v. McEnry*, 659 F.3d 893, 898-99 (9th Cir. 2011) (discussing changes made by Amendment 591).  Because Amendment 591 did not lower appellants' advisory Sentencing Guidelines range, the district court lacked authority to reduce their sentences.  *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 674.

Fernando also contends that he is entitled to a sentence reduction because

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we reject Jesus Quezada-Daza's request for oral argument.

13-30114 & 13-30115

the jury verdict did not specify whether he was guilty of possessing marijuana, methamphetamine, or both, and because the drug quantity was determined by the judge, not the jury. This argument is not cognizable under section 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (proceedings under § 3582(c)(2) are not plenary resentencings). Likewise, Jesus's contention that *Peugh v. United States*, 133 S. Ct. 2072 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), entitle him to a sentence reduction is not cognizable. *See Dillon*, 560 U.S. at 828.

Fernando's motion to take judicial notice is denied.

**AFFIRMED.**