**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50358 |
| Plaintiff - Appellee, | D.C. No. 2:90-cr-00877-SVW-1 |
| v. | |
| JORGE ROCA-SUAREZ, AKA George Roca, AKA Jorge Roca, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 7, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Jorge Roca-Suarez appeals from the district court's order denying his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). We review the district court's determination that it lacked jurisdiction to modify Roca-Suarez's sentence de novo, *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

In sentencing Roca-Suarez for the drug-conspiracy conviction, the district court expressly relied on the presentence report (PSR), which calculated Roca-Suarez's base offense level by treating the cocaine paste involved in the offense as "cocaine" rather than "cocaine base." That was consistent with our precedent and the Sentencing Guidelines commentary, both of which defined "cocaine base" to refer only to crack cocaine. *See United States v. Shaw*, 936 F.2d 412, 415 (9th Cir. 1991); U.S.S.G. § 2D1.1, cmt. n.10, Drug Equivalency Tables (1992). Because Roca-Suarez's sentencing range was computed using the more lenient quantity figures for cocaine, rather than those applicable to cocaine base, Amendment 750 did not lower the sentencing range applicable to his conviction. Roca-Suarez's argument that *DePierre v. United States*, 131 S. Ct. 2225 (2011), made cocaine paste and crack cocaine "legally interchangeable" for purposes of calculating the applicable Guidelines range is mistaken. *DePierre* construed the meaning of "cocaine base" under 21 U.S.C. § 841(b)(1), and in doing so expressly recognized

that "coca paste" is treated differently under the Guidelines. *DePierre*, 131 S. Ct. at 2236–37.

Moreover, even if the district court had calculated the Guidelines range by treating the cocaine paste as cocaine base, Roca-Suarez would nevertheless be ineligible for a sentence reduction based on the quantities of cocaine paste involved in his conviction. Roca-Suarez was convicted of conspiring to manufacture tens of thousands of kilograms of cocaine paste. Under the amended Drug Quantity Table, those quantities would trigger a base offense level of 38, which would result in a higher sentencing range than that originally calculated for Roca-Suarez. *See* U.S.S.G. §§ 2D1.1(c)(1), 5A (2011). Roca-Suarez's argument that the sentencing court failed to make adequate factual findings with respect to drug quantity lacks merit. *See United States v. Gadson*, 763 F.3d 1189, 1220 (9th Cir. 2014).

Because Amendment 750 did not lower Roca-Suarez's sentencing range, the district court lacked the authority to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 674. Consequently, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010).

**AFFIRMED.**