NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>v.<br><br>LUIS FERNANDO CASACA,<br><br>　　　　Defendant-Appellant. | No. 15-10382<br><br>D.C. No. 1:09-cr-00209-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted June 14, 2016**

Before:　　BEA, WATFORD, and FRIEDLAND, Circuit Judges.

　　Luis Fernando Casaca appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).　We have

jurisdiction under 28 U.S.C. § 1291.　We review de novo whether a district court

has authority to modify a sentence under section 3582(c)(2), *see United States v.*

---

　　* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　** The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

*Leniear,* 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Casaca contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court properly concluded that Casaca is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74. To the extent that Casaca seeks to challenge the sentencing court's original calculation of his Guidelines range or to otherwise have his sentence reduced in light of mitigating factors, these claims are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826, 831 (2010) (alleged errors committed at the original sentencing hearing cannot be corrected under section 3582(c)(2), which does not permit a plenary resentencing proceeding).

**AFFIRMED.**