**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 1 2016

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 15-30220 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00427-MJP |
| v. |  |
| MALEEK JAMES, a.k.a. Dr. Brian Wojack, a.k.a. Brian Womack, | MEMORANDUM[*] |
| Defendant-Appellant. |  |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Maleek James appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).   We have

jurisdiction under 28 U.S.C. § 1291.   We review de novo whether a district court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

has authority to modify a sentence under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

James contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court correctly concluded that James is ineligible for a sentence reduction because his sentence is already below the minimum of the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Because the district court lacked authority to reduce James's sentence, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Contrary to James's contention, the district court was not free to disregard section 1B1.10. *See United States v. Fox*, 631 F.3d 1128, 1133 (9th Cir. 2011)

Insofar as James challenges the leadership enhancement imposed, this claim is not cognizable. *See Dillon*, 560 U.S. at 831 (section 3582(c)(2) does not permit a plenary resentencing proceeding).

James's motion to expedite is denied as unnecessary.

**AFFIRMED.**