NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10562 |
| Plaintiff-Appellee, | D.C. No. 4:91-cr-00392-CKJ |
| v. | |
| LYLE GERALD JOHNS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Lyle Gerald Johns appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Johns contends that his sentence violates *Apprendi v. New Jersey*, 530 U.S.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

466 (2000), and that, prior to ruling on his motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines, the district court should have corrected this error by recalculating the drug quantities attributable to him. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). As the district court properly determined, Johns's *Apprendi* claim cannot be raised in a 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (alleged sentencing errors are "outside the scope of the proceeding authorized by § 3582(c)(2)"). Moreover, Johns is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74.

Johns's motion for release pending appeal is denied as moot.

**AFFIRMED.**