**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RAUL AMEZCUA, <br><br> Defendant-Appellant. | No. 15-10480 <br><br> D.C. No. 1:93-cr-05046-AWI <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Raul Amezcua appeals from the district court's order denying his motion for

a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Amezcua contends that he is entitled to a sentence reduction under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Amezcua is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74. Because the district court lacked authority to reduce Amezcua's sentence, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Moreover, contrary to Amezcua's contention, *Booker* did not give the court authority to lower Amezcua's sentence. *See Dillon*, 560 U.S. at 828 (proceedings under section 3582(c)(2) "do not implicate the interests identified in *Booker*"). Finally, Amezcua's challenge to the form of methamphetamine involved in his offense is not cognizable in a section 3582(c)(2) proceeding. *See id*. at 826 (section 3582(c)(2) does not authorize a "plenary resentencing proceeding").

**AFFIRMED.**

15-10480