**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10473 |
| Plaintiff-Appellee, | D.C. No. 4:05-cr-01969-CKJ |
| v. | |
| JOSE CARDENAS-MENDOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Jose Cardenas-Mendoza appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cardenas-Mendoza contends that he is entitled to a sentence reduction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Cardenas-Mendoza is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74. Moreover, because the district court lacked authority to reduce Cardenas-Mendoza's sentence, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

To the extent that Cardenas-Mendoza seeks to challenge his sentence as procedurally erroneous and substantively unreasonable, these claims are not cognizable in a section 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 826 (section 3582(c)(2) does not permit a "plenary resentencing proceeding").

**AFFIRMED.**

15-10473