**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

CHRISTOPHER LENIEAR,
         *Defendant-Appellant.*

No. 08-30199

D.C. No.
3:04-CR-00047-
JKS-1

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted
March 12, 2009—Seattle, Washington

Filed June 18, 2009
Amended July 27, 2009

Before: William A. Fletcher, Ronald M. Gould, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

**COUNSEL**

Allan D. Beiswenger, Anchorage, Alaska, for the defendant-appellant.

Audrey J. Renschen (argued) and Jo Ann Farrington, Assistant United States Attorneys, and Nelson P. Cohen, United States Attorney, Anchorage, Alaska, for the plaintiff-appellee.

**ORDER**

The mandate is recalled. The opinion filed June 18, 2009, is hereby amended. We make the following changes to the slip opinion:

On slip opinion page 7320, first paragraph, delete the following text: "and 18 U.S.C. § 3742".

On slip opinion page 7324, lines 2-3, delete the following text: "*see United States v. Lowe*, 136 F.3d 1231, 1232 (9th Cir. 1998),".

On slip opinion page 7325, add the following text at the end of the first full paragraph: "*Cf. United States v. Paulk*, No. 08-50229 (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his prison sentence under Amendment 706)."

The Clerk is directed to re-issue the mandate immediately upon filing of the amended opinion.

## OPINION

TALLMAN, Circuit Judge:

Christopher Leniear appeals the district court's denial of his motion for a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"). Amendment 706 reduced by two points the base offense level assigned to each threshold quantity of crack cocaine listed in the U.S.S.G. § 2D1.1 Drug Quantity Table. We have jurisdiction under 28 U.S.C. § 1291. Because Leniear is not eligible for a reduction of his prison sentence under Amendment 706, we affirm.

## I

Pursuant to a written plea agreement with the government, Leniear pleaded guilty to four counts: (1) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) possession of a firearm during and in relation to and in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A); (3) possession of an unregistered silencer in violation of 26 U.S.C. §§ 5861(d) and 5871; and (4) criminal forfeiture in violation of 21 U.S.C. § 853(a)(2). As part of the agreement, Leniear waived his right under 18 U.S.C. § 3742 to appeal the sentence imposed. He also waived his right to collaterally attack his sentence, except on the basis of ineffective assistance of counsel or lack of voluntary consent to the plea agreement. The district court confirmed at a change of plea hearing that Leniear understood that he was waiving the right to appeal or collaterally attack his sentence.

Prior to sentencing, a presentence investigation report ("PSR") was prepared using the Sentencing Guidelines effective as of November 5, 2003. Where counts in a multi-count conviction involve substantially the same harm, the Sentencing Guidelines require that they be grouped for calculation of

the offense level. U.S.S.G. § 3D1.2. Otherwise, U.S.S.G. § 3D1.4 "requires the imposition of a discounted enhancement based on the number and severity of the counts." *United States v. Nanthanseng*, 221 F.3d 1082, 1083 (9th Cir. 2000). The PSR concluded that the counts to which Leniear pleaded guilty could not be grouped and thus had to be treated separately.

With respect to Count One, the probation officer determined that the drugs seized from Leniear were equivalent to 41.05 kilograms of marijuana,[1] and thus assigned a base offense level of 20 pursuant to U.S.S.G. § 2D1.1. With respect to Count Three, the PSR assigned a base offense level of 18 pursuant to U.S.S.G. § 2K2.1 and added two additional points because the seized silencer and other firearms were stolen, for a total offense level of 20. Applying U.S.S.G. § 3D1.4, the PSR then computed a combined offense level of 22 for Counts One and Three,[2] but deducted three points for acceptance of responsibility. Applying a total offense level of 19 and a criminal history category of I, the PSR recommended that Leniear be imprisoned for 30 to 37 months on Counts One and Three.

With respect to Count Two, the PSR noted that U.S.S.G. § 2K2.4 establishes a guideline sentence equivalent to the statutory minimum sentence. It thus recommended a prison

---

[1]The PSR recommended that Leniear be held responsible for 35.1 grams of marijuana, 5.1 grams of powder cocaine, and 2.0 grams of crack cocaine.

[2]U.S.S.G. § 3D1.4 instructs that the combined offense level is determined by taking the highest offense level in the group and increasing that level by the amount indicated in a table. That table bases the increase in offense level on the number of "units" in the group. The count with the highest offense level constitutes one unit, as does each count that is either equally serious or between one and four levels less serious. Here, an offense level of 20 was assigned to each of Counts One and Three. Because the grouping contains two units, the table instructs increasing the offense level by two points, for a combined offense level of 22.

term of five years to run consecutively to the term imposed on Counts One and Three.

On January 6, 2005, the district court sentenced Leniear to 30 months on each of Counts One and Three, to be served concurrently, as well as to the statutory minimum sentence of five years for Count Two, to be served consecutively to the sentences for Counts One and Three. Leniear filed a *pro se* motion on March 11, 2008, seeking a reduction in his sentence based on Amendment 706. The court granted Leniear's subsequent request for appointment of counsel. After holding a hearing on May 28, 2008, the district court denied the resentencing motion. The court concluded that it lacked jurisdiction to modify Leniear's sentence because, in light of the grouping rules under U.S.S.G. § 3D1.4, Amendment 706 did not lower the applicable guideline range. Leniear timely appealed.

## II

**[1]** The government contends that the instant appeal is barred by the waiver contained in its plea agreement with Leniear:

> The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than the maximum statutory penalties available for the offense of conviction, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence—including all conditions of supervised release and forfeiture— imposed.

We consider *de novo* whether, pursuant to a plea agreement, a defendant waived his right to appeal. *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005). Specifically, "[a]

defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."[3] *Id.* (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). As Leniear does not argue on appeal that the waiver was anything other than knowing and voluntary, we consider only whether the instant appeal is encompassed within the waiver's scope.

[2] Although Leniear appeals pursuant to 18 U.S.C. § 3742, his appeal is not barred by the above waiver. "The scope of a knowing and voluntary waiver is demonstrated by the express language of the plea agreement." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "Plea agreements are generally construed according to the principles of contract law, and the government, as drafter, must be held to an agreement's literal terms." *Id.* at 1067 (citations omitted); *see also Speelman*, 431 F.3d at 1229-31 (finding that defendant did not waive his right to directly appeal his sentence where the waiver referenced "any post-conviction proceeding," as this term commonly refers only to collateral challenges). The waiver signed by Leniear bars only his right under 18 U.S.C. § 3742 "to appeal the sentence . . . imposed." Yet here, Leniear is appealing not his sentence, but rather the district court's conclusion that it lacked jurisdiction to modify his sentence. Thus, under the express language of the plea agreement, Leniear did not waive his right to pursue this appeal, and we may reach the merits.

---

[3]Collateral attack pursuant to a statutory provision is also subject to a knowing and voluntary waiver. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). As part of the plea agreement, Leniear also waived the right to collaterally attack his sentence. However, because the government did not argue below that a resentencing motion is a collateral attack barred by Leniear's waiver, we consider the issue waived. *See United States v. Perez-Corona*, 295 F.3d 996, 1000 (9th Cir. 2002).

## III

Leniear contends that the district court erred in concluding that it had no jurisdiction to modify his sentence. In particular, Leniear argues that because one of the counts for which he was sentenced involved crack cocaine, he is eligible for a reduction in his prison term under Amendment 706 to the Sentencing Guidelines. We review *de novo* whether a district court has jurisdiction to resentence a defendant under 18 U.S.C. § 3582. *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000).

**[3]** The Sentencing Commission promulgated Amendment 706 in response to the disparity in sentencing between offenses involving crack cocaine and powder cocaine. *See generally Kimbrough v. United States*, 128 S. Ct. 558, 566-69 (2007) (describing the evolving treatment of crack and powder cocaine under the Sentencing Guidelines). Pursuant to the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, one hundred times more powder cocaine than crack cocaine is required to trigger the same statutory minimum penalty. *See* 21 U.S.C. § 841(b). In setting offense levels for crack and powder cocaine, the Sentencing Commission at first adopted the same 100-to-1 ratio. However, Amendment 706, which became effective on November 1, 2007, reduces this disparity by adjusting downward by two points the base offense levels assigned to various quantities of crack cocaine in the Drug Quantity Table in U.S.S.G. § 2D1.1.

**[4]** "As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." As Amendment 713

applies Amendment 706 retroactively, courts may now modify a term of imprisonment where the underlying offense involves crack cocaine—but only if the two requirements of § 3582(c)(2) are satisfied in a given case. Leniear's motion for resentencing, based on Amendment 706, fails to satisfy both elements. *Cf. United States v. Paulk*, No. 08-50229 (holding that a defendant sentenced pursuant to a statutory mandatory minimum is not entitled to a reduction of his prison sentence under Amendment 706).

**[5]** First, the sentencing range applicable to Leniear would have been the same even if Amendment 706 had been in place at the time he was sentenced.[4] Admittedly, Amendment 706 reduces from 20 to 18 the base offense level for Count One. However, the *combined* offense level under U.S.S.G. § 3D1.4 would have remained 22 because the offense level for Count Three would have remained 20 and the grouping contained two units. Thus, Leniear's sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by § 3582(c)(2).

**[6]** Leniear argues that § 3582(c)(2) should be interpreted to allow sentence modification where the term is based in part on a guideline offense level that was subsequently lowered. But § 3582(c)(2) explicitly states that it applies only where the "sentencing range"—not the offense level—to which the

---

[4]Why, then, does Leniear even seek resentencing? The district court sentenced Leniear six days before the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), and thus treated the Sentencing Guidelines as mandatory. The Ninth Circuit has since held that "district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)." *Hicks*, 472 F.3d at 1170. Thus, if Amendment 706 establishes jurisdiction under § 3582(c)(2) to resentence Leniear, it would allow the district court to reduce the sentence it imposed even though the applicable sentencing range would remain unaltered. The district court indicated that had the Sentencing Guidelines been advisory at the time it sentenced Leniear, it likely would have imposed a sentence of only "a month or two" for Counts One and Three.

defendant is subject has since been lowered by the Sentencing Commission. Ninth Circuit caselaw clearly distinguishes an offense level from a guideline range. *See, e.g.*, *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc) ("The district court's factual findings will determine the base offense level, which remains the starting point for determining the applicable guideline range . . . ."). Leniear nonetheless claims that the term "sentencing range" includes not only what might be termed the "ultimate sentencing range" but also sentencing ranges corresponding to any base offense levels. This argument ignores the fact that only one sentencing range is calculated in the course of a sentencing recommendation; a sentencing range is not determined for each intermediate step.

[7] Second, modification of Leniear's sentence would not, as also required by § 3582(c)(2), be "consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued such a policy statement in the form of U.S.S.G. § 1B1.10. A sentence reduction is not consistent with U.S.S.G. § 1B1.10 if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range."[5] The application notes further elaborate that "a reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant *but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline.*" U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). This application note perfectly describes the situation here—Amendment 706 applies to Leniear but does not have the effect of lowering his applicable guideline range because of the operation of U.S.S.G. § 3D1.4.

---

[5]For the same reasons explained *supra* with respect to the term "sentencing range" in 18 U.S.C. § 3582(c)(2), Leniear's argument that the term "applicable guideline range" in U.S.S.G. § 1B1.10 encompasses sentencing ranges corresponding to base offense levels must fail.

Leniear argues, however, that such an application of U.S.S.G. § 1B1.10 would mandate harsher treatment for a subset of crack cocaine offenders in contravention of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory only. But any disparate application of Amendment 706 to crack cocaine offenders is one imposed not by U.S.S.G. § 1B1.10, but rather by a statute, namely 18 U.S.C. § 3582(c)(2). Moreover, while the Ninth Circuit has made clear that policy statements that would require mandatory application of the Sentencing Guidelines "must give way," *Hicks*, 472 F.3d at 1173, that holding is inapposite here as it is a statute—again, 18 U.S.C. § 3582(c)(2)—and not a guideline that requires consistency with the policy expressed by U.S.S.G. § 1B1.10.

## IV

[8] We conclude that while Leniear did not waive his right to the instant appeal, his appeal nonetheless fails. Because Amendment 706 has not lowered the sentencing range applicable to Leniear, and because reducing his prison term would not be consistent with U.S.S.G. § 1B1.10, the district court did not err in concluding that it lacked jurisdiction under 18 U.S.C. § 3582(c)(2) to modify Leniear's sentence pursuant to Amendment 706.

**AFFIRMED.**