UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30283 |
| Plaintiff - Appellee, | D.C. No. 3:03-cr-00370-GMK |
| v. | District of Oregon, |
| | Portland |
| MARSHALL CHARLES RICHMOND, | |
| Defendant - Appellant. | ORDER |

Before:     SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

The memorandum disposition filed on October 2, 2009 is withdrawn, and the mandate is recalled.

A new memorandum disposition has been filed concurrently with this order.

No further filings shall be accepted, and the mandate shall be issued forthwith.

DAT/Research

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MARSHALL CHARLES RICHMOND,<br><br>Defendant - Appellant. | No. 08-30283<br><br>D.C. No. 3:03-cr-00370-GMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 14, 2009[**]

Before:     SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

Marshall Charles Richmond appeals from the district court's order granting

in part his motion for a reduction in sentence under 18 U.S.C. § 3582 based on the

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

DAT/Research

retroactive amendment to the Sentencing Guidelines that reduces penalties for crack cocaine offenses. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Richmond contends that the district court erred by not affording him allocution prior to its resentencing determination. This contention lacks merit. *See* Fed. R. Crim. P. 43(b); *see also Boardman v. Estelle*, 957 F.2d 1523, 1530 (9th Cir. 1992). The district court also did not abuse its discretion in failing to conduct an evidentiary hearing. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

Richmond further contends that the court abused its discretion in not imposing a lower sentence, and that the court failed to sufficiently explain its reasoning. These arguments are belied by the record. *See United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009) (order).

We decline to reach Richmond's additional conclusory contentions because they are beyond the scope of our review of a § 3582 proceeding. *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

Richmond's motion to strike the correspondence received on June 23, 2009, is granted.

**AFFIRMED.**