**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30005 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00055-JLQ |
| v. | |
| DANIEL JAMES WHEAT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted March 16, 2010[**]

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Daniel James Wheat appeals pro se from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

AK/Research

The government contends that the plain language of Wheat's plea agreement precludes this appeal. Wheat is not appealing the sentence imposed, but rather the district court's conclusion that it lacked jurisdiction to modify his sentence. Therefore we may reach the merits. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

Wheat contends that Amendment 706 to the United States Sentencing Guidelines, retroactively amending U.S.S.G. § 2D1.1 with respect to offenses involving crack cocaine, authorizes the district court to resentence him. The district court did not err by concluding that it lacked jurisdiction pursuant to § 3582(c)(2) to modify Wheat's sentence, as he would have been subject to the same sentencing range had Amendment 706 been in place at the time he was sentenced. *See* U.S.S.G. § 4B1.1 (2007) (providing that the career offender base offense level applies where it is greater than the applicable base offense level under § 2D1.1). Thus, Wheat's "sentence is not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' as required by § 3582(c)(2)." *See Leniear*, 574 F.3d at 673 (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

**AFFIRMED.**