**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10419 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00313-LJO |
| v. | |
| SAMNEUK BUNMA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Samneuk Bunma appeals pro se from the district court's order denying his

18 U.S.C. § 3582(c)(2) motion to reduce sentence.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bunma contends that he is entitled to be resentenced in light of the Guideline amendments promulgated by the Sentencing Commission pursuant to the authority it was granted under the Fair Sentencing Act ("FSA"). The result of that directive was Amendment 750, made retroactive in part by Amendment 759, which amended the drug quantity table in U.S.S.G. § 2D1.1 for offenses involving crack cocaine, and accounted for specified aggravating and mitigating factors in certain drug cases. The amendments to section 2D1.1 have no effect on Bunma's applicable Guidelines range because he was convicted of a marijuana offense, and because the portion of the amendment accounting for mitigating factors was not made retroactive. *See* U.S.S.G. app. C, Amendments 750 and 759 (2011). Thus, Bunma's "sentence is not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' as required by § 3582(c)(2)." *See United States v. Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

Bunma's remaining claims are not cognizable in a section 3582(c)(2) motion.

**AFFIRMED.**