**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10312 |
| Plaintiff - Appellee, | D.C. No. 3:94-cr-00044-ECR |
| v. | |
| DONALD LEROY HOGAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Donald Leroy Hogan appeals pro se from the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hogan contends that Amendment 591 to the United States Sentencing Guidelines authorized the district court to resentence him under section 3582(c)(2). We review de novo whether the court had jurisdiction to modify Hogan's sentence. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

The record reflects that Hogan's base offense level was calculated under U.S.S.G. § 2D1.1(c)(1), which was not affected by Amendment 591. *See* U.S.S.G. app. C, amend. 591 (Supp. 2003); *United States v. McEnry*, 659 F.3d 893, 898-99 (9th Cir. 2011) (discussing changes made by Amendment 591). Because Amendment 591 did not lower Hogan's advisory Sentencing Guidelines range, the district court lacked jurisdiction to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 674.

In light of this conclusion, we do not reach Hogan's remaining claims.

**AFFIRMED.**