**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30131 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:08-cr-00082-RSL |
| JUAN SALINAS BAUTISTA, a.k.a. DJ, a.k.a. Jose Morales Victoria, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Juan Salinas Bautista appeals pro se from the district court's order denying

his motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salinas Bautista contends that he is entitled to a sentence reduction based

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

upon amendments to the Sentencing Guidelines promulgated in connection with the Fair Sentencing Act ("FSA"), which he also argues should be given retroactive effect. We review de novo whether the district court had authority to modify the sentence. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

The FSA and related Guidelines amendments had no effect upon either the statutory or the advisory Sentencing Guidelines ranges applicable in Salinas Bautista's case. His base offense level of 32, which was dictated by the quantities of powder cocaine involved in the case, remains unchanged under the amendments, *see* U.S.S.G. § 2D1.1(c), and his statutory sentencing range on the one count that involved both powder and crack cocaine would remain 10 years-to-life under the FSA even if, contrary to our precedent, *see United States v. Baptist*, 646 F.3d 1225 (9th Cir. 2011) (per curiam), the act were given retroactive effect. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Accordingly, his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and the district court properly denied the motion. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74.

**AFFIRMED.**

2