**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINTIN STEPHEN,

Defendant - Appellant.

No. 13-50442

D.C. No. 2:94-cr-00254-AG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Quintin Stephen appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

determination that a defendant is ineligible for a reduction under section

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

3582(c)(2), *see United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Stephen contends that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines, and that the district court erred by denying his motion based on the drug quantity calculated in the presentence report rather than the quantity stipulated in his plea agreement. This contention fails. Even using the cocaine base and powder quantities stipulated in Stephen's plea agreement, Amendment 750 did not lower the sentencing range applicable to his offense. Thus, Stephen is not eligible for sentence reduction and the district court did not err by denying his motion. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673.

**AFFIRMED.**

13-50442