**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GILBERTO LOPEZ-MONJARAZ,

Defendant - Appellant.

No. 15-10228

D.C. No. 3:09-cr-00046-LRH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Gilberto Lopez-Monjaraz appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether the district

court has authority to modify a sentence under section 3582(c)(2), *see United*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Lopez-Monjaraz argues that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court properly concluded that Lopez-Monjaraz is ineligible for a sentence reduction because Amendment 782 did not modify the applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673. During the sentencing hearing, the court found that Lopez-Monjaraz possessed with intent to distribute over five kilograms of actual methamphetamine, and calculated the resulting base offense level as 38. Amendment 782 did not lower the offense level for this quantity of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(1).

**AFFIRMED.**