**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10309 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00453-APG |
| v. | |
| REBEKAH FOUQUET, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted July 18, 2016[**]

Before:  PREGERSON, LEAVY, and OWENS, Circuit Judges.

Rebekah Fouquet appeals from the district court's order denying her motion

for sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fouquet contends that the district court erred in holding that it lacked authority to grant her request for a sentence reduction under Amendment 782 to the Guidelines. We review de novo whether a defendant is eligible for a sentence reduction. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). A district court may only reduce a sentence under section 3582(c)(2) when the defendant's applicable Guidelines range has been lowered. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), cmt. n.1(A); *Leniear*, 574 F.3d at 673-74. As the district court found, Amendment 782 did not lower Fouquet's Guidelines range. Thus, notwithstanding Fouquet's policy and equity-based arguments, the district court properly denied her motion. Moreover, contrary to Fouquet's contention, the rule of lenity does not assist her because section 3582(c)(2) is unambiguous. *See Bifulco v. United States*, 447 U.S. 381, 387 (1980) (rule of lenity applies only when a statute is ambiguous).

**AFFIRMED.**