NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ALVARO ZEPEDA-TOSCANO,<br><br>Defendant-Appellant. | No. 15-10572<br><br>D.C. No. 4:08-cr-01370-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 14, 2016[**]

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

Alvaro Zepeda-Toscano appeals pro se from the district court's orders

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zepeda-Toscano contends that he is entitled to a sentence reduction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Assuming without deciding that Zepeda-Toscano's Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement does not preclude him from a sentence reduction under *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (en banc), he is nonetheless ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."). Accordingly, the district court did not err by denying Zepeda-Toscano's motion.

We reject Zepeda-Toscano's claim that he received ineffective assistance of counsel because the Federal Public Defender did not represent him in these proceedings.

**AFFIRMED.**