FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LAWRENCE M. TUITELE,<br><br>Defendant-Appellant. | No. 16-10222<br><br>D.C. No. 1:13-cr-00593-JMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Lawrence M. Tuitele appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tuitele contends that he is entitled to a sentence reduction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Tuitele is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673. Contrary to Tuitele's argument, the district court properly determined his applicable guidelines range without regard to the downward departure that the court granted at his original sentencing. *See* U.S.S.G. § 1B1.10 cmt. n.1(A); *United States v. Ornelas*, 825 F.3d 548, 554-55 (9th Cir. 2016).

**AFFIRMED.**