**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30151 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-02071-LRS |
| v. | |
| JOSE LUIS MANZO, a.k.a. Jose Manzo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

   Jose Luis Manzo appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Manzo contends that the district court erred by denying his motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Manzo's contention, the district court did not conclude that he was ineligible for a sentence reduction because his sentence was based on the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Rather, the district court correctly held that it lacked the authority to reduce Manzo's sentence because Amendment 782 did not lower his applicable Guidelines range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74.

**AFFIRMED.**