**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10305 |
| Plaintiff-Appellee, | D.C. No. 1:06-cr-00594-SOM |
| v. | |
| CHRISTOPHER NIU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Christopher Niu appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Niu contends that he is entitled to a sentence reduction under Amendment

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellant's request for oral
argument is denied.

782 to the Sentencing Guidelines.  We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2).  *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009).  Contrary to Niu's contention, the district court properly followed the procedure set forth in *Dillon v. United States,* 560 U.S. 817 (2010).  In so doing, the district court correctly determined that Niu is ineligible for a sentence reduction under Amendment 782 because his sentence is already below the minimum of the amended guideline range.  *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.").  Niu's contentions that the government breached the plea agreement and that the district court failed to explain the sentence adequately are outside the scope of this proceeding.  *See Dillon,* 560 U.S. at 831.

**AFFIRMED.**

16-10305