**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50497 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00856-DMS |
| v. | |
| LECHAUN D. BAKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Lechaun D. Baker appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Baker contends that he is entitled to a sentence reduction under Amendment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Baker's contention, the record reflects that the sentencing court determined that his offense involved 8.94 kilograms of actual methamphetamine. Even after Amendment 782, the base offense level for that drug amount is 38. *See* U.S.S.G. § 2D1.1(c)(1)(2014). Because Amendment 782 did not lower Baker's applicable guideline range, the district court correctly concluded that Baker is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a); *Leniear*, 574 F.3d at 673-74.

**AFFIRMED**.