**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>JAMES TEMPLETON,<br><br>    Defendant-Appellant. | No. 17-30003<br><br>D.C. No. 2:04-cr-00278-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

James Templeton appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

Templeton contends that he is eligible for a sentence reduction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Templeton's contention, section 3582(c)(2) did not authorize the district court to apply a two-level reduction for safety valve because such a reduction was not applied at Templeton's original sentencing. *See* U.S.S.G. § 1B.10(b)(1) (when determining a defendant's amended guideline range, the court "shall substitute only the [amended provisions] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"); *Dillon v. United States*, 560 U.S. 817, 827 (2010). This is true even if the district court erred by failing to apply a safety valve reduction at the original sentencing. *See Dillon*, 560 U.S. at 831. Because Templeton's 240-month sentence is below his amended guideline range of 262 to 327 months, he is ineligible for a reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) (the district court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range").

**AFFIRMED.**