NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50202 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-03044-WQH |
| v. | |
| AMANDO VILLAREAL HEREDIA, a.k.a. Gordo, a.k.a. Gordo Villareal, a.k.a. Amando Villareal Heredia, a.k.a. Armando Villareal Heredia, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 13, 2018**

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Amando Villareal Heredia appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), we vacate and remand.

Heredia contends that he is eligible for a sentence reduction under Amendment 782, which increased the quantity of actual methamphetamine required to trigger the maximum base offense level from 1.5 kilograms to 4.5 kilograms. *See* U.S.S.G. § 2D1.1(c)(1) (2014). He argues that he no longer qualifies for the maximum level because he admitted to conspiring to distribute only 1.5 kilograms. Contrary to this contention, the plea agreement reflects that Heredia admitted to conspiring to distribute "more than 1.5 kilograms of actual methamphetamine." The district court did not need to, and did not, make a more specific quantity determination at sentencing. Under these circumstances, the district court properly attempted to determine the total drug quantity attributable to Heredia in order to determine his eligibility for a sentence reduction. *See United States v. Mercado-Moreno*, 869 F.3d 942, 957-58 (9th Cir. 2017).

Nevertheless, we vacate the district court's order denying Heredia's motion and remand for the court to reconsider its quantity determination in light of *Mercado-Moreno*, which was decided after the district court's decision. While the district court observed that at least 100 pounds of methamphetamine were seized by investigators, it did not determine what portion of that quantity, if any, was the result of Heredia's direct involvement or reasonably foreseeable to him as within the scope of the conspiracy in which he participated. *See* U.S.S.G. § 1B1.3(a)(1),

cmt. n.2 (2014); *Mercado-Moreno*, 869 F.3d at 959-60. Upon remand, the court shall determine whether it is more likely than not that Heredia is responsible for the new quantity threshold of 4.5 kilograms of actual methamphetamine or 45 kilograms of methamphetamine mixture, *see Mercado-Moreno*, 869 F.3d at 957, and assess Heredia's eligibility for a sentence reduction accordingly.

In light of this disposition, we do not reach Heredia's remaining claims.

**VACATED and REMANDED.**