
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30233 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00027-TMB-1 |
| v. | |
| SEDRIC WILLIAMS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Submitted June 13, 2018**
Anchorage, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Williams appeals the district court's denial of his motion to reduce his sentence pursuant to Amendment 782. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. Though Williams has been released, the appeal is not moot because Williams now serves a five year term of supervised release. *Mujahid v. Daniels*, 413 F.3d 991, 994–95 (9th Cir. 2005). We review the district court's determination that it lacks authority to reduce a sentence under 18 U.S.C. § 3582 de novo. *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). We affirm.

A court "may not modify a term of imprisonment once it has been imposed" except under certain circumstances, such as when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and modification is "consistent with applicable policy statements." 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673. Sentence modification is not consistent with the applicable policy statement, U.S.S.G. § 1B1.10, when "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline." *Leniear*, 574 F.3d at 674 (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)).

Because Amendment 782 did not lower the sentencing range from the erroneously calculated range that the district court used in 2012,Williams was not eligible for a reconsideration of his sentence. Williams was sentenced "based on" a range that was not subsequently lowered by Amendment 782. The court already

2

exercised its discretion in sentencing Williams within the 110–137 month sentencing range and elected to impose a 120 month sentence. Though Amendment 782's ineffectuality was a result of the court's earlier error rather than the operation of another guideline, this difference does not empower the court to reconsider the issue because Williams's sentence was still based on the applicable range. Therefore, the district court correctly concluded that it lacked statutory authority to reevaluate Williams's sentence under § 3582(c)(2).

**AFFIRMED.**