**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10346 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00204-MCE |
| v. | |
| AURELIO RUBEN-BULGIN, a.k.a. Ruben Bulgin, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Aurelio Ruben-Bulgin appeals pro se from the district court's denial of his

second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ruben-Bulgin contends that he is entitled to a sentence reduction under

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Guidelines, and that the district court erred by failing to explain why it denied his motion. The district court concluded that Ruben-Bulgin was ineligible for a reduction because Amendment 782 did not lower his Guidelines range. *See* U.S.S.G. § 1B1.10(a)(1) (district court may reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual"). We review de novo whether the district court had authority to reduce a defendant's sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009).

Ruben-Bulgin was sentenced after Amendment 782 became effective. Thus, the district court gave him the benefit of that Amendment when it originally calculated his Guidelines range, and the range applicable to him has not been lowered by any subsequent amendment. Ruben-Bulgin argues that he is nevertheless entitled to a reduction because the court's drug quantity determination at sentencing was incorrect. In the alternative, he argues that the court's determination was inconclusive, requiring the district court to conduct additional fact-finding before denying his motion. Ruben-Bulgin's challenge to the court's drug quantity determination is outside the scope of a section 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). Moreover, Ruben-Bulgin's argument that the quantity determination was inconclusive is belied by the record,

2                                                                              17-10346

which reflects that the court definitively attributed 10 pounds of methamphetamine to him and correctly calculated his Guidelines range on that basis. Because Ruben-Bulgin's Guidelines range has not been lowered, the district court correctly concluded that he was ineligible for a sentence reduction, and did not err by failing to explain why a reduction was not warranted under the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon*, 560 U.S. at 826-27.

**AFFIRMED.**