**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10518 |
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00213-MCE |
| v. | |
| LINO HERNANDEZ, a.k.a. Ramon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Lino Hernandez appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez contends that he is eligible for a sentence reduction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Hernandez was convicted of offenses involving substances that corresponded to approximately 34 kilograms of methamphetamine. Even after Amendment 782, the base offense level for that drug amount is 38. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Because Amendment 782 did not lower Hernandez's applicable guideline range, the district court correctly concluded that he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 673. Contrary to Hernandez's contention, once the district court determined his ineligibility, it was not required to consider the sentencing factors under 18 U.S.C. § 3553(a) before denying his section 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (the court must determine that a sentence reduction is authorized under section 3582(c)(2) before it may consider whether a reduction is warranted under the section 3553(a) factors).

Hernandez's remaining claims are not cognizable in a section 3582(c)(2) proceeding. *See id.* at 831.

**AFFIRMED.**