UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50296 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00050-GAF-TJH Central District of California, Los Angeles |
| v. | |
| JOSE LUIS VILLASENOR, a.k.a. Booger Eyes, a.k.a. Green Eyes, | ORDER |
| Defendant-Appellant. | |

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Villasenor's petition for panel rehearing (Docket Entry No. 22) is granted.

The memorandum disposition filed on May 17, 2018, is withdrawn. A

replacement memorandum disposition is being filed concurrently with this order.

Villasenor's petition for rehearing en banc is denied as moot.

No further petitions for rehearing will be entertained in this case.

FILED

OCT 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50296 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00050-GAF-TJH |
| v. | |
| JOSE LUIS VILLASENOR, a.k.a. Booger Eyes, a.k.a. Green Eyes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Jose Luis Villasenor appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Villasenor contends that he is eligible for a sentence reduction under

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Because Villasenor was sentenced after the district court accepted the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, he is not eligible for relief under section 3582(c)(2) unless "the district court's decision to accept the plea and impose the recommended sentence was based on the Guidelines." *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc) (quotations omitted).

The Supreme Court recently clarified that "a sentence imposed pursuant to a Type-C agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). The district court in this case did not have the benefit of *Hughes* when it denied Villasenor's motion; therefore, we vacate its order denying relief and remand. On remand, the district court shall determine whether Villasenor is eligible for a sentence reduction under *Hughes* and, if so, whether he should receive a reduction in light of the 18 U.S.C. 3553(a) sentencing factors. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

**VACATED and REMANDED.**

16-50296