**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50167 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00052-ODW-1 |
| v. | |
| GLENN BOSWORTH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Glenn Bosworth appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bosworth contends that he is entitled to a sentence reduction under

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Amendment 810 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Bosworth is ineligible for a sentence reduction because Amendment 810 is not a covered amendment under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. § 1B1.10 cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d)."). Even if it were, Amendment 810 did not have the effect of lowering Bosworth's Guidelines range because the record reflects that he received a three-level reduction for acceptance of responsibility at his original sentencing hearing. Accordingly, the district court did not err by denying Bosworth's motion. *See* U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 673.

We do not reach Bosworth's other arguments because they are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 825-26, 831 (2010) (alleged errors unrelated to an amendment that lowers the defendant's guideline range are outside the scope of a section 3582(c)(2) proceeding).

Bosworth's motion to seal is denied.

**AFFIRMED.**