**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30106 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00056-TMB-7 |
| v. | |
| DERNEVAL RODNELL DIMMER, AKA Big Cuz, AKA Pedro Dimmer, AKA Jabba, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Derneval Rodnell Dimmer appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's

determination that Dimmer was ineligible for a reduction, *see United States v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Dimmer contends that the district court erred by treating his motion as a motion for reconsideration, rather than a new § 3582(c)(2) motion. He also argues that the district court failed to follow the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817 (2010), or to make supplemental drug findings under *United States v. Mercado-Moreno*, 869 F.3d 942 (9th Cir. 2017).

Dimmer's arguments are unavailing. First, the district court did not treat Dimmer's motion solely as a motion for reconsideration. While the district court observed that any request for reconsideration would be untimely, it also reviewed the merits of Dimmer's claims and correctly observed that it had previously rejected those precise arguments in a prior order. It was not required to do more under *Dillon* or otherwise. Moreover, *Mercado-Moreno* has no bearing on this case. Here, unlike in that case, there is no dispute that the drug quantity to which Dimmer admitted in his plea agreement corresponded to a lower base offense level than the one used at sentencing. However, as this court recently held, even using that lower base offense level, Dimmer is not entitled to relief because his sentence is below the amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *United States v. Dimmer*, 786 Fed. App'x 114, 115 (9th Cir. 2019).

Dimmer's motion for ruling in his favor is denied.

**AFFIRMED.**