**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10173 |
| Plaintiff-Appellee, | D.C. No. 2:02-cr-00213-MCE |
| v. | |
| ELIAS MIGUEL BARRERA-MEDINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Elias Miguel Barrera-Medina appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Barrera-Medina contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Barrera-Medina is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74.

Barrera-Medina's challenges to the sentencing court's drug quantity calculations are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding").

**AFFIRMED.**