**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 16-30035 |
| Plaintiff-Appellee, | 16-30036 |
| | 16-30037 |
| v. | D.C. Nos. 3:00-cr-00371-BR |
| DARRELL LYNN SNYDER, a.k.a. Joseph Edward Saleski, a.k.a. Justin Arthur Slone, | 3:00-cr-00547-BR |
| | 3:04-cr-00115-BR |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 14, 2016**

Before:      WALLACE, LEAVY, and FISHER, Circuit Judges.

In these consolidated appeals, Darrell L Snyder appeals from the district

court's order denying his motion for a sentence reduction under 18 U.S.C. §

3582(c)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Snyder contends that he is entitled to a sentence reduction under Amendment 782. Reviewing de novo, *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), we agree with the district court that it lacked authority to reduce Snyder's sentence. The sentencing court determined that Snyder was responsible for 1,068 kilograms of cocaine. Thus, his base offense level remains a 38 under Amendment 782, *see* U.S.S.G. § 2D1.1(c)(1) (2014), and he is ineligible for a sentence reduction. *See Leniear*, 574 F.3d at 674.

Snyder nonetheless contends that the district court erred in determining that he was responsible for 1,068 kilograms of cocaine, the amount calculated in the presentence report, and should have relied instead on the lower quantity of drugs for which he admitted responsibility in his plea agreement. We disagree. The record shows that the sentencing court adopted the drug quantity calculated in the undisputed presentence report, and Snyder cannot challenge that calculation in these proceedings. *See Dillon v. United States*, 560 U.S. 817, 826, 831 (2010) (section 3582(c)(2) does not authorize a plenary resentencing hearing).

**AFFIRMED.**