**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50049 |
| Plaintiff-Appellee, | D.C. No. 3:06-cr-01242-DMS |
| v. | MEMORANDUM[*] |
| FRANK REYES, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Frank Reyes appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reyes contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Reyes is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear*, 574 F.3d at 673-74. Because the district court lacked authority to reduce Reyes's sentence, it had no cause to consider the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Finally, Reyes is not entitled to an evidentiary hearing regarding the drug quantities attributable to him because that issue is not cognizable in a section 3582(c)(2) proceeding. *See Dillon*, 560 U.S. at 826 (section 3582(c)(2) does not authorize a "plenary resentencing proceeding").

**AFFIRMED**.