
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10390 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01186-JGZ |
| v. | |
| THOMAS ROMERO RUIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Thomas Romero Ruiz appeals pro se from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ruiz contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). The record reflects that Amendment 782 was in effect at the time that Ruiz was sentenced and he was sentenced under the amended Guidelines. Therefore, the district court correctly determined that Ruiz was not eligible for a sentence reduction, *see* 18 U.S.C. § 3582 (c)(2); *Leniear*, 574 F.3d at 673-74, and Ruiz's equal protection rights were not violated.

Ruiz's argument that he should have received an adjustment for acceptance of responsibility at his original sentencing is not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) (alleged errors at the original sentencing are "outside the scope of the proceeding authorized by § 3582(c)(2)").

**AFFIRMED.**