NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50193 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00229-GAF |
| v. | |
| SERGIO RAMIREZ, a.k.a. Edgar Carlon, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Sergio Ramirez appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez contends that he is eligible for a sentence reduction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Ramirez's contention, the record reflects that the sentencing court determined that his offense involved 4.8 kilograms of actual methamphetamine. Even after Amendment 782, the base offense level for that drug amount is 38. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Because Amendment 782 did not lower Ramirez's applicable guideline range, the district court correctly concluded that Ramirez is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 673-74.

Ramirez's other claims are not properly before us because they are outside the scope of a section 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

**AFFIRMED.**