NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10431 |
| Plaintiff-Appellee, | D.C. No. 4:91-cr-00446-FRZ |
| v. | |
| FELIPE DE JESUS CORONA-VERBERA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Felipe de Jesus Corona-Verbera appeals pro se from the district court's order

denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Corona-Verbera contends that he is eligible for a sentence reduction under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Corona-Verbera was convicted of offenses involving approximately 924 kilograms of cocaine. Even after Amendment 782, the base offense level for that drug amount is 38. *See* U.S.S.G. § 2D1.1(c)(1) (2014). Because Amendment 782 did not lower Corona-Verbera's applicable guideline range, the district court correctly concluded that he is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 673-74. Contrary to Corona-Verbera's contention, once the district court determined his ineligibility, it was not required to consider the sentencing factors under 18 U.S.C. § 3553(a) before denying his section 3582(c)(2) motion. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (the court first must determine that a sentence reduction under section 3582 is consistent with section 1B1.10 before it may consider whether the authorized reduction is warranted under the section 3553(a) factors).

**AFFIRMED.**