**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10155 |
| Plaintiff-Appellee, | D.C. No. 1:95-cr-00476-HG-7 |
| v. | |
| MOISES GOMEZ, a.k.a. Santiago, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Moises Gomez appeals pro se from the district court's denial of his second

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo whether the district court

had authority to reduce a defendant's sentence under section 3582, *see United*

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Gomez contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. The district court correctly found that Gomez is ineligible for a reduction because, given the drug quantity attributable to Gomez, Amendment 782 did not have the effect of lowering the guideline range applicable to him. *See* U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 673-74.

Gomez also argues that he is entitled to a reduction due to his conditions of confinement and the district court's alleged errors in imposing his original sentence. We do not reach these arguments because they are outside the scope of a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 825-826, 831 (2010).

**AFFIRMED.**