**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10293 |
| Plaintiff-Appellee, | D.C. No. 1:07-cr-00615-SOM-3 |
| v. | |
| EDDY OLGUIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Eddy Olguin appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Olguin contends that the district court erred by adopting the generic drug quantity finding from his presentence investigation report ("PSR") to determine his eligibility for a sentence reduction under Amendment 782. He argues that, rather than relying on that generic finding, the district court was required to make supplemental factual findings concerning the quantity of drugs involved in his offense. Contrary to Olguin's contention, the record reflects that the sentencing court made a specific drug quantity finding, rather than simply generically adopting the PSR. Thus, *United States v. Rodriguez*, 921 F.3d 1149 (9th Cir. 2019), upon which Olguin relies, has no application here. Furthermore, the district court could not make supplemental drug quantity findings in these proceedings because it was bound by the specific drug quantity determination made at sentencing. *See United States v. Mercado-Moreno*, 869 F.3d 942, 954 (9th Cir. 2017) (supplemental drug quantity findings to determine defendant's eligibility for a sentence reduction are authorized only where the original quantity determination was "ambiguous or incomplete," not where "the sentencing court found the precise total quantity of drugs . . . attributable to defendant"). Because Amendment 782 did not lower the base offense level associated with that high drug quantity, the district court correctly concluded that Olguin is ineligible for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); *Leniear*, 574 F.3d at 674. To the extent Olguin argues that the district court's drug quantity determination

19-10293

was incorrect, that claim is not cognizable in a § 3582(c)(2) proceeding. *See*

*Dillon v. United States*, 560 U.S. 817, 826, 831 (2010) (alleged sentencing errors

unrelated to an amendment to the Guidelines are outside the scope of a

§ 3582(c)(2) proceeding).

**AFFIRMED.**